O

JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| JEFF JINKINS, | Case No. 8:15-CV-00670-ODW-SS |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION [28]** |
| IRVINE PROPERTIES; and DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff Jeff Jinkins filed the Complaint in this action on April 27, 2015, for violations of the Americans with Disabilities Act ("ADA") and related state-law claims. (Complaint ("Compl."), ECF No. 1.) On March 10, 2016, Defendants Irvine Properties and Edward A. Nahigan filed the present Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (Def.'s Mot. to Dismiss ("Mot."), ECF No. 28.) On June 7, 2016, Defendant Edward A. Nahigan was dismissed from the action with prejudice. (ECF No. 39.)[1]

Plaintiff is a paraplegic who cannot walk, uses a wheelchair for mobility, and drives a specially equipped van. (Compl. ¶ 1.) In February 2015, Plaintiff traveled to a medical office building owned by Defendants located at 4902 Irvine Center Drive,

---

[1] Having carefully considered the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument and took the Motion under submission on March 23, 2016. Fed. R. Civ. P. 78; L.R. 7-15

1   Irvine, California.  (Compl. ¶ 7.)  During the visit, Plaintiff alleges that he encountered
2   barriers in the building's parking lot that do not comply with handicap accessibility
3   requirements under the ADA.  (*Id.* ¶¶ 10–15.)  In their Motion, Defendants argue that
4   this Court should dismiss the remainder of Plaintiff's claims because Plaintiff's ADA
5   claim is moot.  (Memorandum of Points and Authorities ("Mem. P. & A.") 2, ECF
6   No. 29.)  Defendants point out that the alleged ADA violations in the parking lot have
7   been fixed and the only remedy under the ADA is injunctive relief.  (*Id.*)  Moreover,
8   Defendants argue that since the ADA claim is the only asserted basis for this Court's
9   subject-matter jurisdiction, the Court should also dismiss Plaintiff's state-law claims
10  for lack of federal question jurisdiction and should decline to exercise supplemental
11  jurisdiction.  (*Id.* 6–8.)

12      Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims
13  over which it lacks proper subject matter jurisdiction.  Federal courts are courts of
14  limited jurisdiction, having subject matter jurisdiction only over matters authorized by
15  the Constitution and Congress.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.
16  375, 377 (1994).  Plaintiffs bear the burden of establishing that subject-matter
17  jurisdiction exists.  *Id.*  This burden, at the pleading stage, must be met by pleading
18  sufficient allegations to show a proper basis for this court to assert subject matter
19  jurisdiction over the action.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178,
20  189 (1936); Fed. R. Civ. P. 8(a)(1).  If a court finds at any time that it lacks
21  jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

22      A Rule 12(b)(1) motion for lack of subject-matter jurisdiction may be brought
23  as either a facial or factual attack.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.
24  2004).  In a facial attack, the challenger asserts that the allegations contained in a
25  complaint are insufficient on their face to invoke federal jurisdiction.  *Id.*  But, in a
26  factual attack, the challenger disputes the truth of the allegations that, by themselves,
27  would otherwise invoke federal jurisdiction.  *Id*.  Further, in a Rule 12(b)(1) motion,
28  the court is not restricted to the face of the pleadings—the court "may review any

1   evidence, such as affidavits and testimony, to resolve factual disputes concerning the

2   existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.

3   1988).

4         The ADA only offers injunctive relief.  42 U.S.C. §§ 12101 *et seq.*; *Chapman v.*

5   *Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).   Standing to seek

6   injunctive relief depends on establishing a likelihood of suffering future injury.  *City*

7   *of L.A. v. Lyons*, 461 U.S. 105 (1983).  "The party invoking federal jurisdiction bears

8   the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S.

9   555, 561 (1992).   The Court "need not presume the truthfulness of the plaintiffs'

10  allegations."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Further, the Court

11  may look beyond the complaint "without having to convert the motion into one for

12  summary judgment." *Id.*  If the movant presents a factual basis to defeat subject-

13  matter jurisdiction, the opposing party must furnish evidence to meet "its burden of

14  establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist.*

15  *No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

16        Here, Defendants provided declarations of a Certified Access Specialist, Jay

17  Seidel, to support their argument that Plaintiff cannot pursue his claim under the ADA

18  based on mootness.  (Nahigan Decl., ECF No. 28-1; Seidel Decl., ECF No. 28-6.)

19  Plaintiff, however, claims that the testimony of Defendants' expert is inadmissible

20  because it is both conclusory and not based on sufficient facts and data.

21        Defendants' expert visited the subject property on May 13, 2015 and provided a

22  specific inspection, detail of the work to be done, and scope of the work to be done in

23  order to bring the parking lot in compliance with the 2010 ADA standards for

24  accessible design.  (Seidel Decl. ¶ 6; Nahigan Decl. Ex. 3, at 22-24, 36 ECF No. 28-

25  4.)  On March 8, 2016, Defendants' expert again visited the property, confirmed in a

26  sworn declaration that the work he recommended had been performed, and certified

27  the parking lot as compliant with both California and ADA accessibility requirements.

28  (Seidel Decl. ¶ 7.)

The Court finds that Plaintiff cannot meet his burden to support subject-matter jurisdiction under the ADA.  Defendants' evidence in support of the Motion is well taken, while Plaintiff's Opposition merely grasps at straws.  Plaintiff is unable to allege a risk of future injury because the alleged barriers in the medical office building's parking lot have been cured.  Thus, the remedy of injunctive relief under the ADA is moot.  Moreover, the Court does not have federal question jurisdiction over Plaintiff's remaining state-law claims.  *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002) (affirming district court's dismissal of plaintiff's DPA claim because the ADA claim was rendered moot); *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002) (holding there was no federal question jurisdiction over plaintiff's state claims once the ADA claim was rendered moot).  Thus, the Court cannot exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.  *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("[S]upplemental jurisdiction cannot exist without original jurisdiction.").

Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction is **GRANTED** in its entirety.  (ECF No. 28.)  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

June 8, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

4